AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| TIAGO DE PAULA SAMPAIO | ) | 6:25-mj- 1432 |
| a/k/a Tiago D. Sampaio | ) | |
| a/k/a Sampaio Tiago | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___February 21, 2025___ in the county of ___Osceola County___ in the ___Middle___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Illegal Reentry |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Mark Annoti, Deporation Officer
_____
*Printed name and title*

Sworn to before me over the telephone or reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date:    4/28/2025

City and state:     Orlando, Florida

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

**STATE OF FLORIDA**                    **CASE NO. 6:25-mj-** 1432

**COUNTY OF ORANGE**

## AFFIDAVIT IN SUPPORT OF THE
## ISSUANCE OF A CRIMINAL COMPLAINT

I, Mark Annotti, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1.      I am a Deportation Officer (DO) with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Enforcement Removal Operations (ERO), and have been employed with DHS/ICE/ERO for 22 years. I am currently appointed as the ERO Criminal Prosecutions (ECP) Officer assigned to Orlando, Florida. My duties include the investigation, arrest, and prosecution of cases involving persons who are illegally residing in the United States in violation of federal law.

2.      The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that a violation of federal law has been committed.

3.      On or about February 21, 2024, the ICE Law Enforcement Support Center (LESC) received an anonymous tip concerning **Tiago De Paula SAMPAIO**, a/k/a Tiago D SAMPAIO, a/k/a Sampaio TIAGO, stating that he was currently residing in the Orlando/Kissimmee, Florida, area. Based on the detailed information provided by the tipster, the LESC prepared a detailed Investigative Referral report and forwarded the report to ERO in Orlando, Florida. ERO Orlando forwarded the LESC Investigative Referral report to a member of its Fugitive Operations Unit.

4.      This officer spent about two months checking and verifying personal and business residences believed to have belonged to **SAMPAIO** and his self-owned construction business, TS Carpentry, LLC. Eventually, all known residences were cleared and **SAMPAIO** was never physically located. There was evidence that **SAMPAIO** was still residing in the Kissimmee/Orlando area; therefore, the fugitive case remained open.

5.      On March 26, 2025, a detective from the Florida Highway Patrol (FHP), currently assigned to the Homeland Security Investigations (HSI) task force, arrested **SAMPAIO** on the state criminal charge of illegal reentry adult unauthorized alien under case 49-2025-CF-000912 (Osceola County, Florida). Detective Evans booked **SAMPAIO** into the Osceola County Jail (OCJ) and notified ERO of **SAMPAIO's** arrest and of booking into OCJ.

6.      On March 26, 2025, an ICE ERO officer verified **SAMPAIO's** identity and filed an ICE immigration detainer on **SAMPAIO** with the OCJ. This officer also

contacted the Florida Department of Law Enforcement (FDLE), Biometric Service

Section, and requested/received **SAMPAIO's** fingerprints relating to the OCJ

booking on March 26, 2025. This officer forwarded **SAMPAIO's** case to me because

it falls under the guidelines of my assigned duties as the ECP Officer.

7.      On April 26, 2025, I submitted **SAMPAIO's** set of fingerprints, relating

to his arrest on March 26, 2025, to the Federal Bureau of Investigation Criminal

Justice Information Services Division (also referred to as IAFIS). IAFIS analyzed the

set of fingerprints and found them to match **SAMPAIO** and his unique FBI number.

8.      A review of various databases and ICE records disclosed that

**SAMPAIO** has an Alien File Number (A xxx xxx 140). He was born in 1987, in

Mantena, Minas Gerais, Brazil. He is a citizen of Brazil and not a citizen of the

United States. On February 4, 2008, **SAMPAIO** was administratively ordered

deported/removed from the United States to Brazil. **SAMPAIO** was physically

removed from the United States to Brazil on two occasions, specifically (1) March

29, 2008, and (2) June 24, 2019.

9.      A criminal history check revealed that **SAMPAIO** was convicted of (1)

breaking and entering daytime for felony, (2) possession of burglary instruments, and

(3) conspiracy, all felony violations of Massachusetts law, on December 6, 2006; he

was sentenced to 65 months' probation. On September 27, 2007, he was found to

have violated his probation and was resentenced to 60 days' imprisonment (case

number 06-10-CR-002723 – Somerville District Court, Massachusetts). **SAMPAIO**

was also convicted of assault and battery with dangerous weapon (two counts), a felony violation of Massachusetts law, on August 23, 2007; he was sentenced to 9 months' imprisonment (case number 07-50-CR-001303 – Malden District Court, Massachusetts).

10.    **SAMPAIO** has never obtained consent from the Attorney General of the United States and/or the Secretary of the Department of Homeland Security to apply for readmission to the United States after being removed/deported from the United States.

11.    Based on the foregoing, there is probable cause to believe that on or about February 21, 2024, **SAMPAIO** was found to be in the United States voluntarily after being previously removed or deported, in violation of 8 U.S.C. § 1326(a) and (b)(1).

This concludes my affidavit.

_____
Mark Annotti
Deportation Officer
Immigration & Customs Enforcement

Affidavit submitted to me by reliable electronic
means and attested to me as true and accurate by
telephone or other reliable electronic means
consistent with Fed. R. Crim. P. 4.1 and 4(d)
before me this _28__ day of April 2025.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE